THIS ORDER IS A
PRECEDENT OF
THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

Mailed: March 30, 2016

Opposition No. 91214178

*Newegg Inc.*

v.

*Schoolhouse Outfitters, LLC*

George C. Pologeorgis,
Administrative Trademark Judge:

This proceeding now comes before the Board for consideration of Opposer's motion (filed October 15, 2015) for leave to prepare and disclose an expert report in sur-rebuttal to Applicant's rebuttal expert's report and to reset all trial dates to allow for the same. The motion is fully briefed.

## Background

On January 26, 2015, Applicant filed a motion for summary judgment on Opposer's claims of likelihood of confusion and dilution. On March 2, 2015, Opposer moved for leave to use the expert report of Dr. Leon Kaplan of Princeton Research and Consulting Center, Inc., a purported trademark survey expert. The record demonstrates that Dr. Kaplan conducted a consumer survey on the issue of likelihood of confusion and opined that confusion was likely between Opposer's pleaded NEWEGG marks and Applicant's involved EGGHEAD marks. By order dated July 16, 2015, the Board, *inter alia,* denied Opposer's motion for leave to use the expert

report as it pertained to Applicant's motion for summary judgment, but granted Opposer's motion for leave to allow Opposer to use the testimony of Dr. Kaplan at trial. By the same order, the Board allowed Applicant (1) until August 25, 2015 to depose Dr. Kaplan, and (2) until August 15, 2015 to serve on Opposer its rebuttal expert report. On July 23, 2015, Applicant filed a consented motion to extend its deadline to serve its rebuttal expert report until September 24, 2015 and to extend the close of discovery until October 24, 2015 for the sole purpose of allowing the parties to conduct expert witness discovery, which the Board granted.

On September 24, 2015, Applicant served Opposer with a rebuttal expert report of Dr. Eugene Ericksen. On October 1, 2015, Applicant took Dr. Kaplan's discovery deposition. Opposer took the discovery deposition of Dr. Ericksen on October 21, 2015.

**Opposer's Motion for Leave to Serve Sur-Rebuttal Expert Report**

In support of its motion, Opposer argues that Dr. Ericksen's expert report not only provided a critique of Dr. Kaplan's survey, but that it revealed, for the first time, that Dr. Ericksen conducted his own likelihood of confusion survey which employs a different methodology than the one performed by Dr. Kaplan. In view thereof, Opposer argues that the Board should permit Dr. Kaplan to critique Dr. Ericksen's opinion and survey so that the Board can understand all perspectives on the dueling survey formats and opinions of the parties and that denying Opposer the opportunity to provide this expert testimony and critique will prejudice Opposer and diminish the quality of the survey evidence in this case and the Board's ability to determine the ultimate issue of likelihood of confusion.

In response, Applicant argues that Opposer's request to allow another expert report is merely a delay tactic. Applicant contends that Opposer is not entitled to introduce sur-rebuttal expert testimony at this late stage of the proceeding since Opposer has had ample time to decide what evidence it needs to make its case, including expert testimony. Applicant further maintains that Opposer's claim that it was surprised by Applicant's decision to retain a rebuttal expert to dispute the consumer survey results of Opposer's own designated expert witness is disingenuous. Applicant contends that allowing such additional expert testimony will not only prejudice Applicant by creating additional costly delay, but will reward Opposer's failure to plan diligently and prosecute this opposition. Applicant requests that the Board deny Opposer's motion for leave and retain the existing trial schedule because Opposer failed to demonstrate good cause for introducing more expert opinion evidence in this proceeding.

In reply, Opposer contends that it could not have anticipated whether Applicant would conduct its own survey or just provide a critique of Dr. Kaplan's expert report. Opposer maintains that it could not anticipate what survey methodology and potential flaws would exist in Dr. Ericksen's survey. In view thereof, Opposer argues that it should be permitted to critique Dr. Ericksen's opinion and survey so the Board can better understand all perspectives of the two expert survey results.

<u>Analysis</u>

Fed. R. Civ. P. 26(a)(2)(D), made applicable to Board proceedings by Trademark Rule 2.116(a), provides in relevant part:

> Absent a stipulation or court order, [expert] disclosures must be made:
>
> * * *
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified [in another party's expert report], within 30 days after the other party's disclosure.

Initially, the Board notes that Opposer moved for leave to prepare and serve a sur-rebuttal expert report within 30 days after Applicant disclosed Dr. Ericksen as a rebuttal expert witness. That being said, many courts do not read the plain language of Fed. R. Civ. P. 26(a)(2)(D)(ii) to confer a right to continue filing rebuttal (or sur-rebuttal) reports. *See Carroll v. Allstate Fire & Cas. Ins. Co.,* No. 12–7, 2013 WL 3810864, at *6 (D. Colo. July 22, 2013) ("Sur-reply expert disclosures are not anticipated by the Federal Rules of Civil Procedure...."); *Rothenberg v. Standard Ins. Co.,* No. 11–1906, 2012 WL 2126846, at *2 (D. Colo. June 12, 2012) ("The court finds that Federal Rule 26(a)(2) permits affirmative expert disclosures and rebuttal expert disclosures; it does not permit parties to further rebut rebuttal expert disclosures."); *D.G. ex rel. G. v. Henry,* No. 08–74, 2011 WL 2881461, at *1–2 (N.D. Okla. July 15, 2011) (Rule 26(a)(2) "does not provide authority" for sur-rebuttal reports. Continuously allowing expert rebuttal would create a situation "where there would be no finality to expert reports.... Such a system would eviscerate the expert report requirements of Rule 26, would wreak havoc in docket control, and would amount to unlimited expert opinion presentation."); *Houle v. Jubilee Fisheries, Inc.,* 2006 WL 27204, at *2 n.4 (W.D. Wash. Jan. 5, 2006) (providing that "the federal rules do not contemplate 'sur-rebuttal' experts").

However, the Board does not read Fed. R. Civ. P. 26(a)(2)(D)(ii) to **prohibit** the filing of sur-rebuttal reports. Instead, the Board finds that, under appropriate circumstances, a sur-rebuttal expert report would be proper as long as a party that wishes to provide a sur-rebuttal expert report promptly seeks leave to do so, which Opposer has done in this instance. *City of Gary v. Shafer,* No. 07–56, 2009 WL 1370997, at *6 (N.D. Ind. May 13, 2009) ("Although courts in other circuits appear to be split on [this issue,] ... [t]he Court finds that Rule 26 does not preclude Defendants from having 30 days in which to file a sur-rebuttal report"); *In re Fleming Companies, Inc., Contract Litig.,* No. 98–6042, 2000 WL 35612913, at *1 (W.D. Mo. Nov. 30, 2000) (agreeing that Rule 26(a)(2) does not preclude the filing of sur-rebuttal export reports).

Although Dr. Ericksen's expert witness report includes new evidence in the form of a different survey performed according to a different methodology on the issue of likelihood of confusion, the report nevertheless constitutes a proper rebuttal expert report under the Federal Rules of Civil Procedure. *ProMark Brands Inc. v. GFA Brands, Inc.,* 114 USPQ2d 1232, 1239 (TTAB 2015). *See also Deseret Mgmt. Corp. v. United States,* 97 Fed. Cl. 272, 274 (Fed. Cl. 2011) (quoting *T.C. Sys. Inc. v. Town of Colonie, N.Y.,* 213 F. Supp.2d 171, 179-80 (N.D.N.Y. 2002) (limiting analysis only to those methods proposed by the first expert "would impose an additional restriction on parties that is not included in the Rules.")); *In re REMEC Inc. Sec. Litig.,* 702 F. Supp.2d 1202, 1220 (S.D. Cal. 2010) (if an expert rebuttal report is offered to contradict or rebut the other party's report, an expert may introduce new methods of

analysis in the rebuttal report); *Kirola v. City & County of S.F.,* 2010 WL 373817, at *2 (N.D. Cal. 2010) (rebuttal reports can use additional data not found in the expert report, so long as it relates to the same subject matter). Under the particular circumstances of this case, i.e., the existence of two conflicting expert surveys, and based upon the Board's interpretation of the Federal Rules of Civil Procedure, it would not only serve the interest of fairness but would benefit the Board in its ability to make a just determination of the merits of this case to allow Opposer to provide a sur-rebuttal by Dr. Kaplan, but only to the limited extent provided below.

In view of the foregoing, Opposer's motion for leave to allow a sur-rebuttal expert report is **GRANTED** to the extent that Opposer is allowed until **April 29, 2016** in which to serve on Applicant a sur-rebuttal expert report authored by Dr. Kaplan which solely rebuts and/or critiques the methodology of the survey conducted by Dr. Ericksen, as well as the analysis of the data resulting from the survey. Dr. Kaplan, however, is precluded from offering any corrections and/or amplifications to his original expert report or introducing any new evidence or consumer surveys. *See ProMark Brands*, 114 USPQ2d at 1241 (Fed. R. Civ. P. 26(e) does not permit expert to bolster previously disclosed opinions or add new opinions). In turn, Applicant is permitted, if it so chooses, to depose Dr. Kaplan again once it receives Dr. Kaplan's sur-rebuttal expert report. This deposition, however, must be limited to the subject matter of Dr. Kaplan's sur-rebuttal expert report, as restricted by this order. Furthermore, the parties are precluded from seeking any future rebuttal reports from experts.

**Trial Schedule**

Proceedings are resumed. Discovery is reopened until **May 29, 2016** for the sole purpose of allowing Applicant to notice and take the deposition of Dr. Kaplan limited to the issues raised in his sur-rebuttal expert report, as permitted by this order. Discovery otherwise remains closed. Remaining trial dates are reset as follows:

| | |
|---|---|
| Plaintiff's Pretrial Disclosures Due | **7/13/2016** |
| Plaintiff's 30-day Trial Period Ends | **8/27/2016** |
| Defendant's Pretrial Disclosures Due | **9/11/2016** |
| Defendant's 30-day Trial Period Ends | **10/26/2016** |
| Plaintiff's Rebuttal Disclosures Due | **11/10/2016** |
| Plaintiff's 15-day Rebuttal Period Ends | **12/10/2016** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademarks Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.